IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                      CASE NO. 4:10-CR-79-SPM/WCS-1

GRACIELA ZUNIGA-ARTEAGA,

    Defendant.

_____/

## BENCH TRIAL VERDICT
## AND ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL

**THIS CAUSE** comes before the Court upon a criminal bench trial that was held in Tallahassee on December 20, 2010. The Defendant was charged in a two-count indictment with (Count One) knowingly and willfully falsely representing herself to be a citizen of the United States, and (Count Two) aggravated identity theft, by knowingly possessing and using the name and date of birth of another person during and in relation to the felony charged in Count One. At the bench trial, the Parties submitted a Stipulation of Facts (doc. 26), without need of further proof. The only issue presented at the bench trial was the Defendant's Motion for Judgment of Acquittal (doc. 21) with regard to Count Two of the Indictment, in which the Defendant argues that the aggravated identity theft statute, 18 U.S.C. § 1028A, is not violated where a defendant uses the means of identification of a deceased person. Upon due consideration of the stipulation of facts, and the arguments raised in support of and opposition to (docs. 20, 22) the Defendant's Motion for Judgment of Acquittal, the Court finds the Defendant guilty on both counts, and the Motion for Judgment of Acquittal is denied.

**FACTUAL BACKGROUND**

The Stipulation of Facts describes that the Defendant, an alien without legal status in the United States, was denied admission into the United States in 1995, after initially claiming to have been born in Texas and providing a name and date of birth that did not exist. She ultimately admitted that she was born in Mexico and completed an I-275 Notice of Visa Cancellation Form.

In 2002, the Defendant was convicted in the Southern District of Texas of Conspiracy to Possess with Intent to Distribute More than 1,000 Kilograms of Marijuana. Upon her arrest, she submitted a false identification card in the name of "MSG," a deceased United States citizen, and stated that her name was "MSG." At the initial appearance, she admitted that she was the same person named in the indictment, Zuniga-Arteaga.

On or about February 18, 2010, the Defendant, an inmate at the Federal Correctional Institution in Tallahassee, Florida, told Immigration and Customs Enforcement that she was "MSG," a United States Citizen born in Mercedes, Texas, and provided the date of birth of the deceased victim. On or about July 27, 2010, the Defendant made the same claims, yet admitted to signing the I-275 form from 1995 when it was presented to her. On or about August 3, 2010, the Defendant again claimed that she was United States citizen "MSG," and stated that she was in the process of obtaining her birth certificate from her attorney.

On September 21, 2010, the Defendant's attorney presented a valid birth certificate in the name of "MSG" to Immigration and Customs Enforcement on the Defendant's behalf. Law enforcement interviewed the brother of the actual "MSG," who

confirmed that "MSG" died as a child in 1960. A certified copy of the "MSG's" death certificate was obtained by law enforcement, and the name and date of birth on the victim's death certificate matched the name and date of birth provided by the Defendant and listed on the birth certificate.

On October 1, 2010, the Defendant again claimed that the birth certificate with the name "MSG" was her own and that she was a citizen of the United States. She also signed a sworn statement.

## MOTION FOR JUDGMENT OF ACQUITTAL

18 U.S.C. § 1028A(a)(1) makes it a federal crime to use "a means of identification of another person" during and in relation to several enumerated felonies, including falsely and willfully representing oneself to be a citizen of the United States, with which the Defendant was charged under Count One of the Indictment. The punishment for aggravated identity theft is two years imprisonment in addition to the punishment imposed for the underlying felony. Defendant asserts that she is entitled to judgment of acquittal with regard to Count Two because a decedent is not "another person" for purposes of 18 U.S.C. § 1028A.

This Court is in agreement with all federal courts having addressed this issue that the aggravated identity theft statute criminalizes the use of a living or deceased person's identification. See United States v. Jimenez, 507 F.3d 13 (1st Cir. 2007); United States v. Kowal, 527 F.3d. 741 (8th Cir. 2008); United States v. Maciel-Alcala, 612 F.3d 1092 (9th Cir. 2010); United States v. LaFaive, 618 F.3d 613 (7th Cir. 2010). First, in plain and ordinary English, the term "person" does not necessarily exclude the deceased, although such an exclusion may be implied in the context of how the term

3

"person" is used. In the context of 18 U.S.C. § 1028A, there is no such limiting or restrictive implication. Additionally, the broad interpretation of the word "person," that is, encompassing both the living and the dead within its definition, is consistent with the legislative intent of the aggravated identity theft statute, as the contrary interpretation would render misuse of the identities of others, the problem facing Congress in enacting the statute, not actionable, so long as the identities so used belonged to the dead. Particularly in the context of falsely representing oneself to be a United States citizen, the use of an identity of a deceased person is likely to be preferable to the use of an identity of a living person, merely because a deceased victim cannot discover or report the misappropriation of her identity. It is inconsistent with the purpose of the aggravated identity theft statute to insist that Congress intended to shield such conduct from the ambit of the law. Lastly, because the Court finds that the aggravated identity theft statute is not ambiguous and that the word "person" naturally includes the deceased as well as the living, the rule of lenity is inapplicable. Accordingly, for the foregoing reasons, the Motion for Judgment of Acquittal will be denied.

## CONCLUSION

After reviewing all of the evidence presented at the bench trial, including the stipulation of facts, and having considered all of the arguments in support of and opposition to the Defendant's Motion for Judgment of Acquittal, it is hereby

ORDERED AND ADJUDGED as follows:

1. The Motion for Judgment of Acquittal (doc. 21) is DENIED.
2. The Court finds beyond a reasonable doubt that the Defendant, Graciela Zuniga-Arteaga, is guilty of the offense of knowingly and willfully falsely

representing herself to be a citizen of the United States, as charged in Count One of the indictment, and guilty of the offense of aggravated identity theft, as charged in Count Two of the indictment.

3. All parties shall appear before this Court for sentencing as directed.

**DONE AND ORDERED** this <u>twenty-ninth</u> day of December, 2010.

                    *s/ Stephan P. Mickle*
                    Stephan P. Mickle
                    Chief United States District Judge